IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TIMOTHY HADDON,**

        Plaintiff,

v.

**C R BARD INCORPORATED;** and **BARD PERIPHERAL VASCULAR INCORORATED,**

        Defendants.

No. 3:19-cv-01454-MO

OPINION AND ORDER

**MOSMAN, J.,**

On November 23, 2020, Plaintiff Timothy Haddon filed a motion to depose Dr. John Kaufman after the deadline for fact discovery had passed. Mot. Extension of Time [ECF 32]. In a minute order, I denied the request. Order [ECF 36]. I write here to explain my reasoning.

### BACKGROUND

On March 9, 2019, Mr. Haddon filed a short-form complaint in the multidistrict litigation pending before Judge David G. Campbell in Arizona. On September 10, 2019, Mr. Haddon's case was transferred to Oregon. On January 24, 2020, I set a deadline that gave the parties ten months to complete fact discovery. Mins. of Proceedings [ECF 29].

On November 23, 2020, the date on which fact discovery closed, Mr. Haddon filed a motion to depose Mr. Haddon's treating physician, Dr. Kaufman, by December 13. Mot.

1 – OPINION AND ORDER

Extension of Time [ECF 32] at 1. Mr. Haddon asserted that his counsel "has called on multiple occasions the hospital where [Dr. Kaufman] works without success." *Id.* Mr. Haddon did not file a supporting declaration.

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") opposed the extension. Defs.' Resp. [ECF 34]. Bard provided copies of email correspondence between the parties regarding the potential deposition of Dr. Kaufman. On October 9, over a month before the close of discovery, Bard's counsel emailed Mr. Haddon's counsel about deposing Dr. Kaufman. Nancy M. Erfle Decl. [ECF 35] Ex. A. Counsel for Bard offered to reach out to Dr. Kaufman's office for available dates. *Id.* A week later, Bard's counsel sent a follow-up email. *Id.* Ex. B. On November 1, Bard's counsel again emailed Mr. Haddon's counsel, stating that the parties "need to move forward with Mr. Haddon's case" and reminding counsel that "[d]iscovery closes in this case **on November 23**." Erfle Decl. [ECF 35] Ex. C, at 1. On November 6, Bard's counsel once again emailed opposing counsel, stating that since counsel had received "no response to our several emails about impending close of discovery," it was providing deposition notices for Mr. Haddon and his wife. *Id.* Ex. D, at 1.

On November 23, the last day for fact discovery, Mr. Haddon's counsel claimed via email that they had been unable to reach Dr. Kaufman, asked whether Bard opposed taking his deposition after the deadline, and stated that he needed to be subpoenaed. *Id.* Ex. F, at 1. In response, Bard's counsel claimed that they were "unaware of any efforts you were making to contact Dr. Kaufman for deposition" and noted that Mr. Haddon's counsel "did not mention any deposition of Dr. Kaufman during our depositions of your clients on November 18." *Id.* Also on November 23, Mr. Haddon's counsel served a deposition notice of intent to depose Dr. Kaufman on December 9, two weeks after the time for fact discovery had closed. *Id.* Ex. H.

# DISCUSSION

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted). District courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under our local rules,

> [O]bjections to any court-imposed deadline must be raised by motion and must:
>
> (1) Show good cause why the deadlines should be modified.
> (2) Show effective prior use of time.
> (3) Recommend a new date for the deadline in question.
> (4) Show the impact of the proposed extension on other existing deadlines, settings, or schedules.

LR 16-3(a). "The good cause standard of Rule 16(b) primarily considers the diligence of the party seeking the amendment" and "[i]f that party was not diligent, the inquiry should end." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (internal quotation marks and citation omitted).

Mr. Haddon failed to show good cause or an effective prior use of time. The only rationale in his motion is an unsupported assertion that his counsel "called on multiple occasions

the hospital where [Dr. Kaufman] works without success." Mot. Extension of Time [ECF 32] at 1. Despite having ten months to complete fact discovery, Mr. Haddon's counsel failed to communicate with Bard's counsel until the day discovery closed. For its part, Bard's counsel sent multiple emails reminding opposing counsel of the impending close of discovery—including emails expressly referencing the deposition of Dr. Kaufman and offering to reach out to the doctor's office. The last-minute action taken by Mr. Haddon's counsel is insufficient to satisfy the requirements of good cause and diligence.

In sum, Mr. Haddon failed to satisfy the requirements of Federal Rule of Civil Procedure 16(b)(4) or Local Rule 16-3(a), and his motion for a modification of the scheduling order was therefore denied.

## CONCLUSION

For the above reasons, I DENIED Mr. Haddon's Motion for Extension of Time [ECF 32].

IT IS SO ORDERED.

DATED this 16 day of July, 2021.

MICHAEL W. MOSMAN
United States District Judge